Gould v. Sub-District No. 3 of Eagle Creek School District.

HENRY A. GOULD, Plaintiff in Error, *vs.* SUB-DISTRICT No. 3 OF EAGLE CREEK SCHOOL DISTRICT, Defendant in Error.

ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

Leguire agreed to take forty acres of land from Gould, and cultivate the same for one year in small grain; he to find all the seed and return to Gould one-third of the produce. Leguire was also to have the use of a portion of a dwelling house for the same time, consisting of several rooms, specifically pointed out and agreed upon. He was to pay no additional rent for this privilege. It did not appear in the case whether the house was or was not on the forty acres. *Held,* That no matter what might be the character of Leguire's tenancy of the forty acres of land, he was a tenant for years of that portion of the house specifically assigned to him, and as such tenant had the right to sublet any portion of it to another tenant. *Held further,* That the leasing of the land and the house being all one contract and transaction, the payment of the share of the produce was a sufficient consideration to sustain the whole.

## Points and Authorities of Plaintiff in Error.

I.—The complaint alleges ownership by the Plaintiff of one hundred and twenty acres of land and dwelling-house thereon.

The answers allege that one Leguire leased and rented "said premises" of the Plaintiff, and sublet to Defendant.

The reply puts the leasing and renting to Leguire in issue.

II.—All the evidence taken together, shows that the leasing and renting, mentioned in the answer, consisted in letting to Leguire forty acres of said premises, to work on shares, and that as incident thereto, Leguire "was to have the house to live in," and the exclusive produce of a garden spot. Whether the house and garden were on the said forty acres does not appear. These facts, as a matter of law, do not constitute a leasing and renting of the premises, but instead thereof, do constitute a tenantcy in common, and the Court therefore erred in submitting the question to the Jury, as to whether the Plaintiff leased and rented the house and garden to Leguire, and in refusing to charge as requested.

III.—The entire charge of the Court to the jury is either irrelevant or erroneous, for the following reasons:

1st. Because the whole evidence shows that there was no consideration for the permission to occupy the house or garden ; and that, therefore, the most favorable view that could have been taken of the case for the Defendant, would have been to have charged the jury that Leguire's right to occupy the house was merely incidental to the principal contract; and that Leguire's tenure of the house followed that of the forty acres, and that, therefore, the witness Leguire, and the Plaintiff, were tenants in common of the house.

2d. Because, " if land be let upon shares for a single crop only, that does not amount to a lease, and the possession remains in the owner." The occupant is, however, a tenant in common with the owner of the growing crop, and he continues so until the tenantcy be severed by division. *4th Kent's Com.*, *7th ed., p.* 98-9; 1 *Wend.*, 385; 8 *John.*, 151; 1 *Hill*, 245; 8 *Cow.*, 220; 15 *Wend.*, 379; 15 *Barb.*, 565.

IV.—But if we are mistaken in the above position, then Leguire was at most a tenant at will because no terms were prescribed, no rent reserved or demanded, or paid or to be paid. *Kent, J., in Jackson vs. Brandt*, 2 *Cow. Rep.*, 147; 14 *Barb.*, 223. And none but tenants for years have a right to underlet. 4 *Kent's Com.*, *Vol.* 4, *7th ed., pp.* 99 & 117.

The Judge therefore erred in charging the jury that under the circumstances stated by him, " the Defendants were occupying the house under ' color of right,' and were therefore not liable."

Points and authorities of Defendant in Error.

I.—To have charged as requested would have been error—

1. Because it makes the Court the Judge of the evidence to be considered by the jury (*folio* 36).

2d. Because there is nothing in the evidence showing that Plaintiff and Leguire were tenants in common of the house or room occupied by the Defendant. To constitute tenantcy in common there must be unity of possession. 2 *Blk. Com.*, 191; 4 *Kent*, 367.

3d. But if the Plaintiff and Leguire were tenants in common of the house, the Plaintiff is not prejudiced by the Court

not so charging, because one tenant in common in possession may (without becoming a trespasser) occupy or lease the entire estate, and collect the whole rent, and only becomes accountable to the other tenant in common for his share of the rents and profits. 4 *Kent*, 369, 370.

II.—Leguire held the house and garden, with right of exclusive enjoyment; and " where a tenant holds with exclusive enjoyment, it is a tenancy for a year," " though the premises are taken to cultivate on shares." *Jackson vs. Brownell*, 1 *John. R.*, 267. As to cropping on shares, see *Bishop vs. Doty*, 1 *Vt.*, 37; *Hawkins vs. Rhodes*, 1 *Gill & John.*, 266.

III.—The evidence shows that Leguire was a tenant of the house for the term of a year from the 1st of April, 1860, to 1st April, 1861, (*folios* 18, 19, 32,) and that Leguire sublet a part to Defendant (*folios* 20, 22, 32). *Cow. Tr.*, *new ed.*, *sec.* 342; 2 *Gill & John.*, 326.

IV.—It is clear that Leguire was tenant of the house for a full year, and that the consideration for the rent of the house and garden was his agreement to deliver Plaintiff one-third of the grain raised on the land in the bushel.

Leguire was not a tenant at will, because the full term of one year was agreed upon—he had a certain and determinate estate limited to him. A tenancy at will is where premises are let to hold at the will of the lessor, or without limiting any certain and determinate estate—where no terms of a lease have been agreed on. 4 *Kent*, 110; 2 *Blk. Com.*, 145; 2 *Caine's R.*, 169; *Crabb's Real Prop.*, 503, *sec.* 1543; *Cruise's Dig.*, *tit.* 9, *chap.* 1.

V.—The right of a tenant to create an under tenant is not questioned.

The Defendants used the house as they had done for many years (*folios* 11, 25, 26, 28).

L. M. BROWN, Counsel for Plaintiff in Error.

HENRY HINDS, Counsel for Defendant in Error.

*By the Court.*—FLANDRAU, J.—This case was here before
   vol. viii.—55

at the July Term, 1862, upon demurrer to the complaint. *See* 7 *M. R.*, 203. The questions now presented are, however, entirely different. The first point which we will determine is, in what capacity did Leguire hold that part of the house which he sublet to the Defendants for a school-room? Was it as tenant in common with the Plaintiff, or merely as tenant at will, or did he hold it in his exclusive right as tenant of the Plaintiff for one year? We gather from the pleadings and testimony, that the Plaintiff owned a tract of one hundred and twenty acres of land, upon which there had been fifty-five acres under cultivation, and also upon which was situated the house in question. The witness, *Leguire*, most positively swears that he rented forty acres of the cultivated land, for one year, from the 1st of April, 1860, for which he was to cultivate the same in small grain, furnish all the seed, and give the Plaintiff one-third of the grain. He was also to have the house for the same term to live in, and a garden spot of half an acre, the products of which were to be exclusively his own. The particular location of the house and garden, whether they were upon the forty acres or not, does not appear, but the inference would be that they were not, from the particular stipulations which were made concerning them. There was no rent specified for the house and garden distinct from the portion of grain which the Plaintiff was to receive for the use of the forty acres of land. The contract was an entire one, and we think there is no doubt that the consideration was ample to sustain it in all its features.

The only testimony on the subject of the leasing, aside from that of the witness Leguire, is that of the Plaintiff's agent, Mr. Hall. He differs from Leguire materially, only in regard to the stipulations concerning the house, about which he says that Leguire was to have the room where the school was kept to store his wheat in, the bedroom to store his oats in, and the room in the frame part and the pantry, for him to live in, and Gould was to have all the other parts of the building. This witness fixes no time in his testimony for the duration of the tenancy. But the Defendant read in evidence a former pleading, verified by this witness, in which he had sworn that the lease was for one year.

It will be seen from this evidence that the witnesses agree that Leguire was to have the exclusive enjoyment of the room in which the school was kept, although Yale limits his use of it to the storing of grain. Supposing the theory of the Plaintiff in regard to the character of Leguire's occupancy of the forty acres of farm land to be true, and that he was but a tenant in common with the Plaintiff, of the crop, the possession of the land being in the Plaintiff, it does not follow that this feature would attach itself to the house, about which other and distinct stipulations were made; Leguire insists that it was exclusively his for one year, and Yale concedes that it was particularly divided between them, Leguire having the exclusive use of certain parts, and the Plaintiff sole control of the balance. The school room being in Leguire's part, according to both. The idea of a tenancy in common, precludes the possibility of a distinct and separate possession by the tenants of any part of the subject matter of the tenancy, and *vice versa*. "Tenants in *common* are such as hold by several and distinct titles, but by unity of possession ; because none knoweth his own severally, and therefore they all occupy promiscuously." 2 *Black. Com.*, 191. Nor is this view of Leguire's tenancy of the house, affected by the fact that his enjoyment of it depended upon his fulfillment of a contract which made him tenant in common of another subject matter with his landlord. Almost every lease depends upon some condition, and why not the cultivation of land and payment of part of the produce as well as any other ? The jury were fully justified, from all the evidence, to find that the Plaintiff had leased to Leguire that part of the house in which the school was kept for the term of one year, and we could not interfere with their verdict had they adopted the testimony of Leguire, to the exclusion of that of the witness Yale. Leguire was, therefore, a tenant for years of that part of the house which he sublet for a school room. *See* 2 *Black. Coms.*, 140.

A tenant for years " may assign or grant over his whole interest, unless restrained by covenant not to assign without leave of the lessor. He may underlet for any fewer or less number of years than he himself holds." 4 *Kent's Coms.*, 96.

The jury, in rendering a general verdict for the Defendant negatived the issue of negligence or carelessness on its part, without which there could be no recovery, supposing the Defendant rightfully in possession.

We can see no error in the charge of the Court. The Defendant was in possession by good right, as we have shown, as tenant of Leguire, and the issue of carelessness is found in its favor.

The judgment must be affirmed.